EWING ET AL., APPELLANTS, *v.* LINDLEY, TAX COMMR., APPELLEE.

[Cite as Ewing *v.* Lindley (1986), 23 Ohio St. 3d 222.]

(No. 85-1303—Decided May 7, 1986.)

*Charles W. Ewing, Carla I. Struble* and *Mack Coor,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

HOFFMAN, J. Appellants present two propositions of law. For the reasons set forth herein, we find both of these propositions lack merit and, therefore, affirm the decision of the Board of Tax Appeals.

As they did before the Board of Tax Appeals, appellants initially challenge the constitutionality of R.C. 5739.33, which provides:

"If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. The dissolution of a corporation shall not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or remit tax due. The sum due for such liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code."

Appellants contend that R.C. 5739.33 is constitutionally infirm on the grounds the statute imposes liability on corporate officers without requiring a finding that the failure to pay was willful.

In advancing this claim, appellants fail to cite a *bona fide* authority supporting their assertion.

Appellants' reliance upon the federal counterpart to R.C. 5739.33 (Section 6672, Title 26, U.S. Code, which contains a "willfulness" requirement) is inapposite and not well-taken. Simply because a federal provision contains an element which the state statute does not is not sufficient reason to declare R.C. 5739.33 unconstitutional.

Our standard for constitutional review as enunciated in *State, ex rel. Swetland,* v. *Kinney* (1982), 69 Ohio St. 2d 567, 573 [23 O.O.3d 479], is as follows:

" 'An enactment of the General Assembly is presumed to be constitutional, and *before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'* " (Quoting from *State, ex rel. Dickman,* v. *Defenbacher* [1955], 164 Ohio St. 142 [57 O.O. 134], paragraph one of the syllabus, emphasis *sic.*)

Applying the standards set forth in *Kinney,* this court finds that the provisions of R.C. 5739.33 are not incompatible with the constitutional provisions of the United States Constitution or the Constitution of the state of Ohio. R.C. 5739.33 is not void for vagueness, not overbroad, and does not create an unconstitutional presumption.

Appellants' second proposition of law is raised for the first time in their reply brief to this court. Appellants now contend that appellee failed to establish that appellants were the responsible corporate officers for the purposes of R.C. 5739.33. We find this argument of appellants to be entirely without merit and unsupported by the record.

By their own admission, appellants' dispute with the instant assessments have always been on constitutional grounds exclusively.

The record is replete with evidence that appellants were the responsible officers for purposes of R.C. 5739.33. The best evidence of that fact is the admission made by appellants at the evidentiary hearing before the attorney-examiner of the Board of Tax Appeals held on May 18, 1983, that:

"We have not contested that under the statute we were officers that, under this statute, would be liable. That has never been an issue from our standpoint, and the fact that we think it is an unconstitutional statute."

Thus, an admission by an officer or employee of a corporation that he is liable under R.C. 5739.33 relieves the Tax Commissioner of Ohio from the burden of establishing his liability otherwise.

Appellants' belated effort to show that they are not within the class of persons chargeable under R.C. 5739.33 is too little, too late, and totally unsupported by the record.

For the reasons set forth herein, we affirm the decision of the Board of Tax Appeals.

*Decision affirmed.*

CELEBREZZE, C.J., LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

HOFFMAN, J., of the Fifth Appellate District, sitting for SWEENEY, J.